YELLOW PINE LUMBER COMPANY, A CORPORATION, *Appellant,* v. BENJAMIN JERNIGAN, *Appellee.*

1. When the equities of a bill to declare the holder of the legal title to land the trustee for the equitable owner depends upon an adverse holding and a recorded conveyance from the original owner which failed to convey perfect title for lack of a seal only, the bill is properly dismissed when the proof fails as to adverse holding and the instrument of conveyance lacks not only seal but fails of witnesses to the signature and the evidence makes it probable that the supposed grantor never signed the instrument.

2. The failure to obtain the ruling of the Chancellor upon objections to evidence affects only its admissibility or competency, not its probative force.

This case was decided by Division A.

Appeal from the Circuit Court for Santa Rosa County.

The facts in the case are stated in the opinion of the court.

*Blount & Blount & Carter* and *T. F. West,* for appellant; .

*H. S. Laird,* for appellee.

COCKRELL, J.—This bill was filed by the Lumber Company to enjoin a trespass and to enforce the execution of a deed by Jernigan to the Company, conveying the legal title to half a section of land in Santa Rosa County, the equitable title to which it claims already to own. Upon final hearing the Circuit Court adjudged the equities to be the defendant and dismissed the bill.

The appellant deraigned title from one Hinote who

it was alleged had procured from Sion Dunaway, original entryman, an instrument by which it was intended to convey the legal title but which was ineffectual by reason of the absence of a seal to his signature, and further claimed an adverse holding thereunder in paying taxes for more than twenty years and by cutting timber thereon from time to time as the necessities of the milling business demanded. The proof failed as to any rights depending upon adverse holding or uses and we are limited to the effectiveness of the instrument dated Sept. 21, 1861, purporting to convey the title from Dunaway to Hinote—and its recordation to bind Jernigan, who purchased recently from Dunaway's heirs.

The original of this instrument has been sent up for our inspection and while the "ancient document" rule applies to it, yet there are several suspicious facts or incidents to be noticed.

We copy the instrument entire, but it must be further noticed that apparently the same hand penned not only the body of the instrument, but also the interlined words Sion Dunaway and the signature Sely Ann Dunaway.

"Sept. the 21-61.
Deed of Warranty.
With Release of Dower.

Know all men by these presents that I, Sion Dunaway of the State of Florida in County of Santa Rosa, farmer, in consideration of $2000 two hundred dollars to me paid by G. B. Hinote of the State of Florida in the county of Santa Roso, a farmer, do hereby give, grant, bargain, sell and convey unto the said G. B. Hinote, his heirs and assigns a certain tract of parcel of land situate in Sata Rosa county aforesaid bounded and described as follows, viz: to-wit; the east half of Seck-

tion (12) twelve, Township No (3) three, Range No (29) twenty-nine nort, west containing (300) three hundred and twenty achiors with all the previleges and appurtenances thereto belonging; to have and to hold the aforegranted premises to the said G. B. Hinote and his heirs and assigns in fee simple forever and, I, the said Sion Dunaway, for myself and my heirs, executors and administrators do covenant with the said G. B. Hinote and his heirs and assigns that I am lawfully seized in fee of the aforegranted premises; that they are free from all encumbrances; that I have good right to sell and convey the same to the said G. B. Hinote as aforesaid; and that I will and my heirs, executors and administrators shall warrant and defend the same to the said G. B. Hinote and his heirs and assigns forever against the lawful claims and demands

Sion Dunaway.

of all persons. And for the consideration aforesaid and for divers other good and valuable consideration I, Sely Ann Dunaway, wife of said Sion Dunaway, do hereby release and quit-claim unto the said G. B. Hinote his heirs and assigns all my right, claim, or possibility of dower in or out of the afore described premises.

SELY ANN DUNAWAY.

In Witness
S. P. Martin
G. W. Grimes                           State of Florida,
                                       Santa Rosa County.
                                       Personally appeared before the
                                       undersigned Clerk of the Circuit Court in and for said county,
                                       G. W. Grimes who after being
sworn in due form of law deposes and says that he saw Sely Ann Dunaway sign, seal and deliver the fore-

going deed of conveyance for the considerations uses and purposes therein mentioned and that he (the Deponent) signed the same as a witness and saw S. P. Martin do likewise.

                                              G. W. GRIMES.

Sworn to and subscribed before
me this 1st day of September,
A. D. 1866.

          R. R. SHEPPARD,
          Clerk Ct. Court
          Santa Rosa County.

(Endorsed:)

Recorded in Book 'F,' pages 157 and 158, this 11th day of Sept. A. D. 1866.   R. R. Sheppard, Clerk.   Fee and Certificate $2.00."

Not only does the instrument fail of being an effective deed of conveyance by reason of the lack of a seal, the one defect pointed out in the bill, there are no subscribing witnesses purporting to be such to any signature by Sion Dunaway, as appears not only from the juxtaposition of the names but also from the proof for record by one of them they confined their act to Sely Ann, the wife.

We learn from the testimony of the Dunaway children that their father was named not Sion but Lion Dunaway, though the entry in the Land Office appears Sion, and that their mother, Sely Ann, is long since dead.

Another circumstance is the date of the instrument and the evidence of complainant's witness that Dunaway left home at the commencement of the war and did not return until its close in 1865.   If this be true literally, and there is no contradiction in the evidence,

Mr. Dunaway was likley at the front with the Confederate Army in September, 1861, and not in Santa Rosa county.

It does not appear that the Circuit Judge was asked to rule specifically upon the objections to the introduction of this instrument and it is claimed we must accept it as conclusive. The failure to get such ruling goes only to the admissibility or competency of the evidence, not to its probative force.

There is force in complainant's evidence that Dunaway after the war did not return to live on this property but lived at another place three miles away. We should have been better satisfied with the conclusion reached had this change of habitation been explained, but in view of the unsettled condition of this State at that period we cannot say that such evidence must control. There is much left on this record to surmise and speculation for which both parties are in a measure responsible and in this uncertainty we can only say that the complainant and appellant has not met the double burden of proof cast upon it in such cases and the decree is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.